**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-09-01040-004-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Cordae L. Black, | |
| Defendant. | |

Pending before the Court is Defendant Cordae L. Black's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(a)(i), (Doc. 577), and the Government's Motion to Seal, filed under seal, (Doc. 579).  For the following reasons, the Defendant's Motion is denied and the Government's Motion is granted.

## BACKGROUND

On May 7, 2010, a jury found Defendant guilty of Conspiracy to Possess with Intent to Distribute Cocaine and Aiding and Abetting Possession of a Firearm in Furtherance of a Drug Trafficking Crime.  (Doc. 270.)  Defendant is currently serving a 195-month sentence.  (Docs. 404, 564.)  Defendant's anticipated release date is July 24, 2023.  (Doc. 578 at 3.)  On January 21, 2021, Defendant filed his motion for compassionate release and the Government subsequently filed its motion to seal.

## DISCUSSION

### I.   Motion to Seal

The Government moves for this Court to seal Exhibits B and D, which are filed in response to Defendant's Motion.  As there is good cause appearing, the Court grants the Government's unopposed Motion.

**II.      Motion for Compassionate Release**

      **a.  Legal Standard**

Compassionate release is governed by 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018.  Pub. L. No. 115-391, 132 Stat. 5194, at 5239-40 (2018); *see United States v. Tsosie*, No. CR940003101PCTDGC, 2020 WL 3268694, at *1 (D. Ariz. June 17, 2020) ("The First Step Act amended § 3582(c) to permit motions for compassionate release by prisoners," rather than only the Prison Director).  Amended § 3582(c) provides:

> (A) the court, upon motion of the Director of the Bureau of Prisons [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

      **b.  Analysis**

As it is dispositive of Defendant's Motion, the Court addresses only whether Defendant poses a danger to the community.  In addition to showing extraordinary and compelling reasons for release, Defendant must show he "is not a danger to the safety of any other person or the community, as provided under [18 U.S.C. § 3142(g)]."  18 U.S.C. § 3582(c)(1)(A)(ii).  In making this determination, courts should consider "(1) the nature and circumstances of the offense charged . . .; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . .; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the

person's release."  18 U.S.C. § 3142(g).

Regardless of whether Defendant's pre-existing conditions, combined with the COVID-19 pandemic, are extraordinary and compelling reasons for release, Defendant has failed to demonstrate he would not pose a danger to any person or the community if released.  Defendant is currently serving a sentence for an offense involving a planned armed robbery of a fictious cocaine stash house.  (Doc. 578 at 2.)  In addition to this serious offense, Defendant has a lengthy criminal history, which includes convictions for robbery, burglary, theft, auto theft, bank robbery, and possession of drugs.  Defendant also recently committed a disciplinary infraction in prison involving the introduction of drugs or alcohol. *Id.*, Ex. C.  In light of the seriousness of Defendant's offense and his criminal history, the Court finds he remains a danger to others if prematurely released from custody.

## CONCLUSION

For the reasons set forth above, Defendant's Motion is denied because he poses a danger to the community.  Additionally, the Government's Motion to Seal is granted.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(a)(i) (Compassionate Release) (Doc. 577) is **DENIED.**

**IT IS FURTHER ORDERED** that the Government's Motion to Seal, filed under seal, (Doc. 579) is **GRANTED.**  The Clerk of Court is directed to file under seal lodged Doc. 580.

Dated this 25th day of March, 2021.

G. Murray Snow
Chief United States District Judge